J. M. MORGAN CONSTRUCTION COMPANY et al., Appellants, v. AUSTIN BROS., Appellees.  (No. 3745.)

Court of Civil Appeals of Texas.  Texarkana.  Nov. 13, 1929.

Rehearing Denied Nov. 21, 1929.

R. L. Stennis, of Dallas, for appellants.
Seay, Seay, Malone & Lipscomb, of Dallas, for appellee.

LEVY, J.  The appellee sued the J. M. Morgan Construction Company and the surety on its bond for an alleged balance due upon a contract to furnish certain material to be used in the construction of the courthouse of Terry county.  The defense was that the steel stairways had not been made and furnished, as agreed to be done, in accordance with the plans and specifications and approval of the architect, as provided in the contract for the courthouse.  Upon the trial of the case before the court without a jury, judgment was entered for the plaintiff for the sum of $234.05, with interest.  There was no request for the court to make specific findings of fact.

The J. M. Morgan Construction Company had the contract to build the courthouse of Terry county.  The American Surety Company was the surety on the bond given to the county.  Austin Bros. afterwards entered into a distinct contract with the J. M. Morgan

Construction Company to furnish certain specified pieces of ironwork to be used in the building—among them the stairway—according to the plans and specifications therein set out. It was agreed in the trial, namely: "It is agreed that the only thing in controversy pertains to the middle stairway and to certain credits for freight paid by the plaintiff; also the claim of the defendants for certain deductions for work done by them as regards this particular stairway." The assignments of error present the one point, that the evidence did not warrant the judgment in favor of plaintiff on the items in controversy.

The trial court's judgment must be affirmed, we think, because he was authorized to conclude, as must be assumed he did, that the iron railing for the stairway was made up according to plans and specifications set out in the distinct contract between Austin Bros. and J. M. Morgan Construction Company, and that such contract did not specify that the iron railing as so made up was nevertheless subject to the approval of the architect employed in the construction of the courthouse. The contract provision itself governed the matter, namely: "In the event of a conflict between the terms and conditions of this proposal and the terms and conditions stated in the plans and specifications, the terms of this proposal shall govern." Although the iron railings did not properly set in the marble placement in the stairway, yet, as the trial court was authorized to find, such failure was occasioned through the manner of setting the marble placement, or its condition as shown to be, and that the appellee could not be held responsible for such condition existing.